# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Case No. _____

_____ )
                                                     )
ALLISON MONET HARDIN,               )
                                                     )
         Plaintiff,                           )
                                                     )
         vs.                                 )
                                                    )
DUKE ENERGY CORPORATION;         )
DUKE ENERGY BENEFITS COMMITTEE;   )
and ALIGHT SOLUTIONS LLC,           )
                                                    )
         Defendants.                       )
_____ )

## COMPLAINT

## PRELIMINARY STATEMENT[1]

Allison Monet Hardin ("Plaintiff") brings this action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against Duke Energy Corporation ("Duke Energy"); the Duke Energy Benefits Committee ("Benefits Committee"); and Alight Solutions LLC ("Alight"). Plaintiff brings this ERISA action (1) on account of breaches of fiduciary duties by Defendants, and (2) for other appropriate equitable relief, on account of the Defendants' erroneously administering the Duke Energy Retirement Cash Balance Plan's ("CB Plan") and Duke Energy Retirement Savings Plan's ("Savings Plan" and collectively with the CB Plan, "Plans") terms and failing to administer the Plans in compliance with ERISA, which interfered

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

with Plaintiff's attainment of rights under the Plans. Plaintiff is a beneficiary under the Plans at all relevant times by virtue of her marriage to Ephrem Hardin, who is a participant in the Plans. Duke Energy is the sponsor of the Plans.

## PARTIES

1. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2. Duke Energy is a properly organized business entity doing business in the state of North Carolina. Duke Energy sponsors and maintains the Plans. The Benefits Committee is named as the plan administrator of the Savings Plan and the CB Plan in those Plans' documents and summary plan descriptions and therefore is the Plan Administrator of those Plans within the meaning of ERISA §3(16), 29 U.S.C. §1002(16). If the Benefits Committee is not the plan administrator within the meaning of ERISA, because the Benefits Committee is not a "person" as defined in ERISA (and therefore incapable of being the plan administrator), then, in the alternative, Duke Energy is the plan administrator for the Plans under ERISA because it is the employer sponsoring the Plans and therefore is the default plan administrator under ERISA §3(16), 29 U.S.C. §1002(16).

3. Alight is a properly organized business entity doing business in the state of North Carolina. Defendant Alight is a fiduciary of the Plans making benefits determinations under the Plans and providing information about the Plans' terms and conditions to the Plans' participants and beneficiaries.

4. The CB Plan is an employee retirement benefit plan organized and subject to ERISA and the regulations promulgated thereunder.

5. The Savings Plan is an employee retirement benefit plan organized and subject to ERISA and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action under ERISA §502, 29 U.S.C. §1132, on account of breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109; and for other appropriate equitable relief, as allowed by ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

7. Venue in the Western District of North Carolina is appropriate by virtue of the breach of fiduciary duty in this District, Defendants doing business and being found in this District, and the administration of the Plans in this District.

## FACTUAL ALLEGATIONS

8. On or around June 2006, Plaintiff's husband, Ephrem Hardin, became employed by Defendant Duke Energy. As a result of being employed by Duke Energy, Mr. Hardin participated in the CB Plan and the Savings Plan.

9. In or about February 2018, Mr. Hardin began inquiring about retiring from Duke Energy and he contacted Alight, the Plans' service provider, about the benefits available to him under the Plans.

10. Throughout Mr. Hardin's employment with Duke Energy, and through his retirement in 2018, he was married to Plaintiff.

11. In his calls with Alight, Mr. Hardin repeatedly inquired about how he could obtain a one-time lump sum distribution of the benefit amounts in his Plans' accounts.

12. Alight customer service representatives had multiple telephone calls with Mr. Hardin between February 2018 and May 2018, and in the initial telephone calls, Alight's representatives confirmed that Mr. Hardin was married to Plaintiff. Mr. Hardin then later

-3-
Case 3:20-cv-00072-GCM-DSC   Document 1   Filed 02/03/20   Page 3 of 16

informed Alight that he and Plaintiff were "separated," which was not true.  Mr. Hardin and Plaintiff were still married.  Mr. Hardin did not tell Alight that he and Plaintiff were divorced.

13. In multiple phone calls between February 2018 and May 2018, Alight informed Mr. Hardin that a one-time lump sum distribution would require that his spouse, Plaintiff, sign an authorization for the lump-sum distribution and that her signature must be notarized because they continued to be legally married.  This is because the Plans are subject to the "joint and survivor annuity" requirements of ERISA and the Internal Revenue Code ("Code"), which require that benefits be distributed in the form of a joint and survivor annuity when a participant is married, unless the spouse waives that form of distribution in writing.  The purpose of the joint and survivor annuity requirement is the protection of the spouse from losing benefits.

14. Between February 27, 2018 and March 6, 2018, Mr. Hardin used Alight's online portal to change the name and date of birth for his "spouse" from Plaintiff's name and date of birth, to Mr. Hardin's brother's name, Elliott Hardin, and date of birth.

15. On or about April 10, 2018, Mr. Hardin signed a Duke Energy Retirement Plan Pension Election Authorization Form that falsely stated that "I am married and that Elliot Hardin is my spouse on May 1, 2018."

16. On or about April 10, 2018, Elliott Hardin, Mr. Hardin's brother, signed the "Consent of Spouse" portion of the Duke Energy Retirement Plan Pension Election Authorization Form that Mr. Hardin had signed.  The "Consent of Spouse" certification falsely states that Elliott Hardin is signing the form "as the spouse of Ephrem M. Hardin."  The certification also falsely states that  Elliott Harden agrees "with my spouse's decision to begin benefits and with my spouse's choice of payment option," and that the payment option "may provide no benefit . . . to me after my spouse's death."

-4-
Case 3:20-cv-00072-GCM-DSC   Document 1   Filed 02/03/20   Page 4 of 16

17. On or about May 1, 2018, the CB Plan issued a one-time lump sum payment to Mr. Hardin of his benefits in the CB Plan.

18. On or about May 1, 2018, the Savings Plan issued a one-time lump sum payment to Mr. Hardin of his benefits in the Savings Plan.

19. After May 1, 2018, Plaintiff and Mr. Hardin actually separated and began legal proceedings designed to lead to a divorce.

20. After Plaintiff and Mr. Hardin actually separated and began legal proceedings toward a divorce of their marriage, Plaintiff learned that Duke distributed Mr. Hardin's benefits under the Plans in a lump sum. Plaintiff never consented to distribution of the Plans' benefits in any form (including a lump sum) other than a qualified joint and survivor annuity. Plaintiff contacted Duke to inquire about the Plans' benefits distributed to Mr. Hardin without her consent.

21. On or about November 26, 2018, the Plans sent correspondence to Mr. Hardin concerning his misrepresentation that Elliott Hardin was his spouse at the time of his election and benefit commencement. The letter from the Plans informed Mr. Hardin that if Elliott Hardin was not his spouse at the time of the election, Mr. Hardin must immediately return the lump-sum distributions to the Plans.

22. To date, Mr. Hardin has not returned the lump sum benefit distributions to the Plans. Neither Duke nor the Committee has taken any additional steps to have Mr. Hardin return the wrongfully distributed funds to the Plans or to seek damages form Elliott Hardin for his misrepresentations.

23. Plaintiff is the alternate payee of Mr. Hardin under the Plans.

24. Defendants Duke, Benefits Committee, and Alight have fiduciary obligations to Plaintiff and the Plans' participants to administer the Plans properly and in compliance with their terms, ERISA, and the Code.

## FIRST CLAIM FOR RELIEF:
## FIDUCIARY BREACH IN VIOLATION OF ERISA, 29 U.S.C. §§ 1109 AND § 1132

25. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-24 above.

26. Plaintiff brings this claim on behalf of the Plans to require that Defendants (i) establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, (ii) follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, and (iii) require restoration of any losses to the Plans caused by Defendants' breaches of their fiduciary duties.

27. Defendant Benefits Committee is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because as Plan Administrator, Defendant Benefits Committee has discretionary authority or discretionary responsibility in the administration of the CB Plan and the Savings Plan. Alternatively, Duke Energy is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because as Plan Administrator Defendant Duke Energy has discretionary authority or discretionary responsibility in the administration of the CB Plan and the Savings Plan.

28. As the Plan Administrator, Defendant Benefits Committee or Duke Energy is obligated to, and responsible for, monitoring distribution of benefits, including but not limited to

ensuring that the Plans are run in compliance with all their terms and applicable laws, including ERISA and the Code.

29. Defendant Alight is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because, among other activities, Defendant Alight (i) provides information about the Plans' terms and conditions to the Plans' participants and beneficiaries, including providing specific information about distribution requirements and methods to Mr. Hardin with respect to the Plans, and (ii) wrongfully distributed plan assets from the Plans to Mr. Hardin that were not in compliance with ERISA and the Code, including the qualified joint and survivor annuity requirements.

30. Defendant Benefits Committee or Defendant Duke Energy breached its fiduciary duties by failing to (i) establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure that it complied with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, and (ii) follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure that it complied with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans.

31. Defendant Benefits Committee or Defendant Duke Energy also breached its fiduciary duties by failing to administer the Plans according to their terms; by failing to monitor other fiduciaries to whom it delegated authority and responsibility for distributions under the Plans; by allowing a distribution of benefits in violation of ERISA, the Code, and Plans' terms; and by failing to take appropriate steps to recover the wrongfully distributed funds from Mr. Hardin or Elliott Hardin.

32. Defendant Alight breached its fiduciary duties by failing to administer the Plans according to their terms and in compliance with ERISA and the Code by not following qualified joint and survivor annuity requirements applicable to the Plans, including appropriate procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements.

33. Defendants also breached their fiduciary duties by failing to appropriately monitor and resolve the conflicting information provided by Mr. Hardin concerning his marital status and his spouse's name and date of birth prior to their distribution of benefits to Mr. Hardin.

34. The Plans have been harmed as a result of Defendants' breaches of fiduciary duties in that they have not been administered in compliance with their terms, have not been administered in compliance with ERISA and the Code, and have suffered losses in the form of wrongful payments of monies to Mr. Hardin. Until Defendants are required to established reasonable and legally compliant distribution procedures, including in compliance with the qualified joint survivor annuity requirements, and to comply with and consistently administer such procedures, the Plans will continue to suffer harm and losses.

35. The Plans are entitled to equitable and remedial relief requiring that Defendants:

   a. Establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

   b. Follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity

-8-
Case 3:20-cv-00072-GCM-DSC   Document 1   Filed 02/03/20   Page 8 of 16

requirements applicable to the Plans;

c. Monitor any other entities or fiduciaries to whom Defendants delegate the responsibility for identification of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

d. Administer the Plans in compliance with their terms, including terms requiring qualified joint and survivor annuities;

e. Administer the Plans in compliance with applicable legal requirements, including ERISA and the Code, including terms requiring qualified joint and survivor annuities;

f. Make whole the Plans for all losses caused to the Plans by reason of Defendants' fiduciary breaches, including but not limited to the improper distribution of monies to Mr. Hardin;

g. Take appropriate action to recover the wrongfully distributed monies from Mr. Hardin and Elliott Hardin; and

h. Other appropriate declaratory, injunctive, and equitable relief.

## SECOND CLAIM FOR RELIEF: OTHER APPROPRIATE EQUITABLE RELIEF UNDER ERISA § 502, 29 U.S.C. § 1132

36. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-35 above.

37. Pursuant to Federal Rule of Civil Procedure 8, Plaintiff pleads this claim for relief in the alternative to her first claim for relief to the extent such claims overlap.

38. Plaintiff brings this claim to require that Defendants (i) establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, (ii) follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, and (iii) require restoration of any losses to Plaintiff caused by Defendants' breaches of their fiduciary duties.

39. Defendant Benefits Committee is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because as Plan Administrator Defendant Benefits Committee has discretionary authority or discretionary responsibility in the administration of the CB Plan and the Savings Plan. Alternatively, Duke Energy is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because as Plan Administrator Defendant Duke Energy has discretionary authority or discretionary responsibility in the administration of the CB Plan and the Savings Plan.

40. As the Plan Administrator, Defendant Benefits Committee or Duke Energy is obligated to, and responsible for, monitoring distribution of benefits, including but not limited to ensuring that the Plans are run in compliance with all their terms and applicable laws, including ERISA and the Code.

41. Defendant Alight is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21) because, among other activities, Defendant Alight (i) provides information about the Plans' terms and conditions to the Plans' participants and beneficiaries, including providing specific information about distribution requirements and methods to Mr. Hardin with respect to

the Plans, and (ii) wrongfully distributed plan assets from the Plans to Mr. Hardin that were not in compliance with ERISA and the Code, including the qualified joint and survivor annuity requirements.

42. Defendant Benefits Committee or Defendant Duke Energy breached its fiduciary duties by failing to (i) establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure that it complied with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans, and (ii) follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure that it complied with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans.

43. Defendant Benefits Committee or Defendant Duke Energy also breached its fiduciary duties by failing to administer the Plans according to their terms; by failing to monitor other fiduciaries to whom it delegated authority and responsibility for claims processing and determination under the Plans; by allowing a distribution of benefits in violation of ERISA, the Code, and Plans' terms; and by failing to take appropriate steps to recover the wrongfully distributed funds from Mr. Hardin and Elliott Hardin.

44. Defendant Alight breached its fiduciary duties by failing to administer the Plans according to their terms and in compliance with ERISA and the Code by not following qualified joint and survivor annuity requirements applicable to the Plans, including appropriate procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements.

45. Defendants also breached their fiduciary duties by failing to appropriately monitor

-11-
Case 3:20-cv-00072-GCM-DSC   Document 1   Filed 02/03/20   Page 11 of 16

and resolve the conflicting information provided by Mr. Hardin concerning his marital status and his spouse's name and date of birth prior to their distribution of benefits to Mr. Hardin.

46. Plaintiff has suffered harm as a result of Defendants' conduct and breaches of fiduciary duty to administer the Plans according to their terms.

47. Plaintiff is entitled to equitable, injunctive, and remedial relief requiring that Defendants:

   a. Establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

   b. Follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

   c. Monitor any other entities or fiduciaries to whom Defendants delegate the responsibility for identification of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

   d. Administer the Plans in compliance with their terms, including terms requiring qualified joint and survivor annuities;

   e. Administer the Plans in compliance with applicable legal requirements, including ERISA and the Code, including terms requiring qualified joint and survivor

      annuities;

    f. Ordering that Defendants restore the amount of funds to Mr. Hardin's accounts or interests in the Plans that would have remained had Defendants not breached their fiduciary duties and permitted an improper distribution in violation of ERISA, the Code, and the Plans' terms;

    g. Be surcharged for the funds necessary to restore Mr. Hardin's accounts or interests in the Plans that would have remained had Defendants not breached their fiduciary duties and permitted an improper distribution in violation of ERISA, the Code, and the Plans' terms;

    h. Take appropriate action to recover the wrongfully distributed monies from Mr. Hardin and Elliott Hardin; and

    i. Other appropriate declaratory, injunctive, and equitable relief.

THIRD CLAIM FOR RELIEF:
ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

48. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-47 above.

49. Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).


WHEREFORE, Plaintiff prays that the Court:

1. Grant the Plans equitable, injunctive, and remedial relief requiring that Defendants:

    a. Establish reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity

requirements applicable to the Plans;

b. Follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

c. Monitor any other entities or fiduciaries to whom Defendants delegate the responsibility for identification of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

d. Administer the Plans in compliance with their terms, including terms requiring qualified joint and survivor annuities;

e. Administer the Plans in compliance with applicable legal requirements, including ERISA and the Code, including terms requiring qualified joint and survivor annuities;

f. Make whole the Plans for all losses caused to the Plans by reason of Defendants' fiduciary breaches, including but not limited to the improper distribution of monies to Mr. Hardin;

g. Take appropriate action to recover the wrongfully distributed monies from Mr. Hardin and Elliott Hardin; and

h. Other appropriate declaratory, injunctive, and equitable relief.

2. Grant Plaintiff equitable, injunctive, and remedial relief requiring that Defendants:

a. Establish reasonable procedures for verification of the identity of spouses and

other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

b. Follow reasonable procedures for verification of the identity of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

c. Monitor any other entities or fiduciaries to whom Defendants delegate the responsibility for identification of spouses and other information necessary to ensure compliance with distribution requirements applicable to the Plans, including the qualified joint and survivor annuity requirements applicable to the Plans;

d. Administer the Plans in compliance with their terms, including terms requiring qualified joint and survivor annuities;

e. Administer the Plans in compliance with applicable legal requirements, including ERISA and the Code, including terms requiring qualified joint and survivor annuities;

f. Ordering that Defendants restore the amount of funds to Mr. Hardin's accounts or interests in the Plans that would have remained had Defendants not breached their fiduciary duties and permitted an improper distribution in violation of ERISA, the Code, and the Plans' terms;

g. Be surcharged for the funds necessary to restore Mr. Hardin's accounts or interests in the Plans that would have remained had Defendants not breached their

-15-
Case 3:20-cv-00072-GCM-DSC   Document 1   Filed 02/03/20   Page 15 of 16

fiduciary duties and permitted an improper distribution in violation of ERISA, the Code, and the Plans' terms;

h. Take appropriate action to recover the wrongfully distributed monies from Mr. Hardin and Elliott Hardin; and

i. Other appropriate declaratory, injunctive, and equitable relief.

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses under ERISA § 502(g), 29 U.S.C. § 1132(g), incurred herein;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

Dated this 3rd day of February 2020.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
Bryan L. Tyson (N.C. Bar. No. 32182)
Marcellino & Tyson, PLLC
2820 Selwyn Ave. Ste 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com

**Attorneys for Plaintiff Allison Monet Hardin**